IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID ROBINSON #40678-037
        Petitioner        :

   v.        :  CIVIL ACTION NO. PJM-10-1800

VANCE LAUGHLIN, et al.,   :
        Respondents

### MEMORANDUM OPINION

David Robinson is a federal prisoner convicted and sentenced to twenty-four months imprisonment in the United States District Court for the Southern District of Florida for illegal reentry into the United States. On July 2, 2010, he filed this 28 U.S.C. § 2254 petition for habeas corpus relief attacking his 1993 drug conviction in the Circuit Court for Frederick County. Respondent has filed an answer to the Petition,[1] arguing that the application should be dismissed because Petitioner is no longer "in custody" under the conviction. Petitioner's "Motion and Notice" has been construed as a reply and has been considered.[2] For reasons to follow, the Petition shall be denied and dismissed without prejudice.

On September 27, 1993, Petitioner pled guilty on an agreed statement of facts to attempted distribution of cocaine. Paper No. 3, Exhibit 1. On December 14, 1993, he was sentenced to twenty years incarceration, all but three years suspended, with credit for time served, and ordered to serve three years probation upon release. *Id*. On February 7, 1994, Petitioner filed a motion for modification of sentence which was granted by the Circuit Court on

---

[1] The response is filed on behalf of the Attorney General of the State of Maryland. No response has been filed on behalf of Vance Laughlin, Warden of the Adams County Correcdtional Center in Washington, Mississippi.

[2] In his Reply, Petitioner takes exception to Respondent's failure to submit transcripts and other materials with the answer, and requests judgment in his favor due to the lateness of Respondent's answer. The answer was timely filed. For reasons apparent herein, transcripts and additional documents are not required for disposition of this case.

May 3, 1994. As a result, the "[b]alance" of the sentence was "suspended and probation terminated." *Id*.

On March 16, 2010, Petitioner sought to vacate or expunge his 1993 conviction by way of a petition filed in the Circuit Court for Frederick County. Paper No. 3, Exhibits 1 and 2. The State argued that the Circuit Court lacked jurisdiction over the petition, as Petitioner was neither incarcerated nor under court supervision as a result of the conviction and sentence. *Id*., Exhibit 3. The Circuit Court dismissed the petition by order dated April 14, 2010. *Id*., Exhibit 5.

This Court lacks subject matter jurisdiction over the instant Petition. Under 28 U.S.C. § 2254(a), federal courts have jurisdiction to entertain applications for habeas corpus only if the petitioner is "in custody" in violation of laws, treaties or the Constitution of the United States. *See Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). This custody requirement is not met when the inmate challenges an expired sentence. *See Maleng v. Cook*, 490 U.S. 488, 491 (1989). Petitioner's custody on the 1993 conviction ended on May 3, 1994. At the time he filed this matter, petitioner was not in custody for purposes of challenging his 2001 convictions under § 2254(a).[3] *See Resendiz v. Kovensky*, 416 F.3d 952, 957-58 (9th Cir. 2005), *Broomes v. Ashcroft*, 358 F.3d 1251, 1254 (10th Cir. 2004), (petitioner's federal custody on immigration removal proceedings does not satisfy "in custody" requirement of § 2254 where sentence to challenged state court conviction had expired).

A habeas petitioner has no absolute entitlement to appeal a district court's denial of his motion. *See* 28 U.S.C. § 2253(c) (1). "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at §2253(c) (2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the

---

[3] As this Court lacks jurisdiction over this case, it will not address the question of whether the Petition would otherwise be time-barred.

constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S. 274, 282, (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36, (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983). The Court will not issue a certificate of appealability because Petitioner has not made the requisite showing.

For the aforementioned reasons, this § 2254 petition is hereby denied and dismissed without prejudice. A separate Order follows.

Date: September 28, 2010                                  /s/
                                         PETER J. MESSITTE
                                         UNITED STATES DISTRICT JUDGE